United States District Court
For the Northern District of California

1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                   NORTHERN DISTRICT OF CALIFORNIA
7
8   TERRY LEE RIDOUT,                          No. C-11-2883 EMC (pr)
9           Plaintiff,
10          v.                                 **ORDER OF SERVICE**
11  G. ELLIS, C.E.O., *et al.*,
12          Defendants.
13  _____/
14

## I. INTRODUCTION

Terry Lee Ridout, Jr., an inmate at the Correctional Training Facility in Soledad, filed this *pro se* civil rights action under 42 U.S.C. § 1983 regarding dental care in prison. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

The complaint[1] alleges the following: Terry Lee Ridout's "front bottom-row teeth were in various degrees of being broken off, jagged and razor-sharp" when he arrived in the California prison system on October 31, 2009. Complaint, p. 3A. The broken teeth allegedly caused him routinely to cut his tongue, cheeks and lips. These cuts caused him pain. On some unidentified date, the dental department at the CTF "initiated a treatment plan which was an agreed-upon course

---

[1] Two actions were opened (*i.e.*, C-11-2883 EMC and C-11-2936 EMC) were opened when the court received from Plaintiff on different days the materials he had sent to commence a single action. By separate order in the higher-numbered action, the higher-numbered action has been closed and the Clerk has been directed to put a copy of the complaint from the higher-numbered action in this action.

of action where upon its conclusion of various fillings, extractions, etc., plaintiff would receive partials." *Id.* at 3E.

Ridout allegedly had to wait for ten months to receive treatment for his broken teeth. He further alleges that he was classified as a dental priority class 2, which was not adequate for the expedited care he needed. *Id.* at 3D. He filed an inmate appeal, which led to him being designated as a dental priority class 1C (a better priority), although he later was returned to a dental priority class 2. *Id.* Ridout alleges that, ten months after x-rays showed his sharp-edged teeth, and he had endured chronic pain from the condition for ten months, "corrective treatment finally was given" on December 27, 2010. *Id.* at 3E. He allegedly has not, however, received the partial dentures that he should have received as part of his dental treatment plan.

Defendant Jane Doe "breached" Ridout's dental treatment plan when, on or about April 20, 2011, she refused to take denture impressions and instead insisted that he have another tooth extracted. The regular dentist allegedly had told Ridout to refuse such an extraction. Defendants G. Ellis and L. D. Zamora allegedly signed the responses to Ridout's inmate appeals about his dental care.

### III. DISCUSSION

A. Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *See McGuckin*, 974 F.2d at 1059. Serious medical needs may include dental care needs. *See Hunt v. Dental Dep't.*, 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates). A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health or safety. *See Farmer*, 511 U.S. at 837.

Liberally construed, the complaint states a § 1983 claim against Defendant Jane Doe for deliberate indifference to Ridout's dental needs. Jane Doe allegedly delayed necessary dental care by deviating from Ridout's dental treatment plan. She allegedly refused to take impressions for dentures and instead demanded that a tooth be extracted. (The Doe defendant problem is addressed in the next section.)

Liberally construed, the complaint also states a § 1983 claim against Defendants G. Ellis and L. D. Zamora for deliberate indifference to Ridout's dental needs. According to the inmate appeal responses signed by them, Defendant Ellis was the chief executive officer of CTF and L.D. Zamora was the chief of the California Prison Health Care Services, Office of Third Level Appeals - Health Care. Defendants Ellis and Zamora signed in the inmate appeal responses and apparently failed to provide an adequate response to Ridout's dental needs. *See* Complaint, unnumbered exhibits (1/24/2011 second level response to inmate appeal and 5/4/11 third level response to inmate appeal). Their liability, if any, will arise from the alleged denial of Ridout's requests pertaining to ongoing dental needs, such as his alleged unfilled need for partial dentures. Their liability is *not* for a procedural due process violation because a prisoner has no due process right to a properly functioning inmate appeal system. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). If these

two Defendants had only denied an inmate appeal about a dental problem that already had occurred and was complete (*e.g.*, a single tooth extraction that had been done weeks earlier), there would be no liability for a constitutional violation; however, where the problem is an ongoing dental or medical need and the request is made in an inmate appeal to remedy the ongoing problem, liability for that problem can be based on the denial of an inmate appeal, just as it could be based on the denial of a verbal request from the inmate. *See generally Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 206) (supervisor may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help).

Defendants CTF and the State of California are dismissed because they are entitled to immunity under the Eleventh Amendment to the U.S. Constitution. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). Eleventh Amendment immunity also extends to suits against a state agency. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity); *see also Allison v. Cal. Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin State Prison not persons within meaning of Civil Rights Act).

B.  The Doe Defendant Problem

The use of "Jane Doe" or "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), but sometimes is necessary when a plaintiff cannot discover the identity of the defendant before filing the complaint. Although the use of a Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a Doe defendant designation creates its own problem: that person cannot be served with process until he or she is identified by his or her real name.

Ridout must take steps promptly to discover the full name (*i.e.*, first and last name) of Jane Doe and provide that information to the court in an amendment to his pleading. The burden remains on the Plaintiff; the Court will not undertake to investigate the names and identities of unnamed

defendants. Ridout must provide a full name and address for Jane Doe no later than **January 30, 2012**, so that she may be served with process.

Due to Jane Doe's apparent central role in the denial of dental care to Ridout, it is in the interest of justice to wait until she has been served (or dismissed) before setting a briefing schedule for dispositive motions from all the Defendants. The Court therefore will not now set a briefing schedule. The Court will, however, require that the other two Defendants each file a notice of appearance no later than **November 23, 2011** so that the Court may be sure that service of process has occurred and to facilitate discovery by Ridout.

### IV. CONCLUSION

1. The complaint states cognizable § 1983 claims against Defendants Jane Doe, G. Ellis, and L.D. Zamora for Eighth Amendment violations based on their alleged deliberate indifference to Plaintiff's dental needs. All other claims and Defendants are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons and a copy of the complaint upon (1) G. Ellis, the chief executive officer of the Correctional Training Facility in Soledad; and (2) L.D. Zamora, the chief of the California Prison Health Care Services, Office of Third Level Appeals - Health Care in Sacramento.

3. Defendants Ellis and Zamora must file and serve a notice of appearance no later than **November 23, 2011**.

4. Plaintiff must provide to the court the true name and address of Defendant Jane Doe no later than **January 30, 2012**. If he does not provide the information by the deadline, or if Jane Doe cannot be served with the information Ridout does provide, she will be dismissed from this action.

5. All communications by Plaintiff with the Court must be served on a Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

IT IS SO ORDERED.

Dated: October 17, 2011

_____
EDWARD M. CHEN
United States District Judge