UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEE RIDOUT,<br><br>    Plaintiff,<br><br>    v.<br><br>G. ELLIS, C.E.O., *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-2883 EMC (pr)<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND SETTING BRIEFING SCHEDULE** |

Terry Lee Ridout, Jr., an inmate at the Correctional Training Facility in Soledad, filed this *pro se* civil rights action under 42 U.S.C. § 1983 regarding dental care in prison. The Court found that, liberally construed, the complaint stated cognizable § 1983 claims against defendants Jane Doe, G. Ellis, and L.D. Zamora.

In the Order of Service, the Court ordered Ridout to provide a true name for Jane Doe by January 16, 2012 so that she could be served with process, and cautioned that she would be dismissed if he did not provide a true name for her. Ridout did not provide a true name for Jane Doe and the deadline by which to do so has passed. Defendant Jane Doe therefore is dismissed from this action. The dismissal is without prejudice to Ridout filing a new action against Jane Doe if he ever learns her true identity.

Ridout has filed a request for appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the

ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident at this time. The request for appointment of counsel is **DENIED**. (Docket # 14.)

In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **May 11, 2012**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **June 15, 2012**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).)

Plaintiff also should take note that a Defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The Plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        c.      If Defendant wishes to file a reply brief, the reply brief must be filed and served no later than **July 6, 2012**.

IT IS SO ORDERED.

Dated: February 28, 2012

_____
EDWARD M. CHEN
United States District Judge

3